The People of the State of New York ex rel. George McKesson Brown, Respondent, v. Benjamin N. Blydenburgh and Others, as Assessors of the Town of Huntington, Suffolk County, and The Town of Huntington, County of Suffolk, Appellants.— Order modified by adjudging that relator's property was overvalued for the taxable year 1936-1937 to the extent of $61,300, instead of $103,100, by fixing the assessed value thereof for said year at the sum of $104,500, instead of $62,700, and by proportionately reducing the amount to be refunded to relator by reason of the over-assessment. As so modified, the order is unanimously affirmed, without costs. The referee's findings of fact numbered 10, 11, 12, 14 and 16 and conclusions of law numbered 1 and 4 are reversed, and the following new findings and conclusions are made. Findings of Fact: (1) That by reason of social and economic conditions there is little demand for properties improved in the manner of relator's; (2) that the full value of relator's lands at the date of the assessment was $2,000 per acre for parcels 1 and 4, $1,600 per acre for parcels 2 and 3, and $1,400 per acre for parcels 5 and 6, making a total market value of $100,100 for the land; (3) that the value thereof for assessment purposes, equalized at the rate of 41.8%, was $41,841.80; (4) that the full value of the improvements was $74,950 for parcel 1, $11,250 for parcel 2, $60,000 for parcel 4, and $3,700 for parcel 5, making a total market value of $149,900 for the improvements; (5) that the value thereof for assessment purposes, equalized at the rate of 41.8%, was $62,658.20; and (6) that the full value of land and improvements together was $250,000, and that the value thereof for assessment purposes, when equalized as aforesaid, was $104,500. Conclusions of Law: (1) That the assessed valuation of the relator's property for the tax levy of 1936 for taxes payable in 1937 was and is erroneous by reason of overvaluation and inequality, and

the full and fair market value of the property on July 21, 1936, was $250,000; (2) that the total assessed valuation of the property should be reduced to approximately $104,500, that being 41.8% of the true and market value of the property, and should be allocated as follows:

| Parcels | Acreage | Land market value per acre | Land assessed value 41.8% per acre |
|---|---|---|---|
| 1 | 11½ acres | $2000.00 | $836.00 |
| 2 | 9 " | 1600.00 | 668.80 |
| 3 | 6½ " | 1600.00 | 668.80 |
| 4 | 19½ " | 2000.00 | 836.00 |
| 5 | 3 " | 1400.00 | 585.20 |
| 6 | 6½ " | 1400.00 | 585.20 |

| Parcels | Land market value per parcel | Land to be assessed valuation |
|---|---|---|
| 1 | $23,000.00 | $9,614.00 |
| 2 | 14,400.00 | 6,019.20 |
| 3 | 10,400.00 | 4,347.20 |
| 4 | 39,000.00 | 16,302.00 |
| 5 | 4,200.00 | 1,755.60 |
| 6 | 9,100.00 | 3,803.80 |
| | Total....$100,100.00 | Total...$41,841.80 |

| Parcels | Improvements at market value | Improvements at assessed valuation at 41.8% | Total assessed valuation land and improvements |
|---|---|---|---|
| 1 | $74,950.00 | $31,329.10 | $40,943.10 |
| 2 | 11,250.00 | 4,702.50 | 10,721.70 |
| 3 | ......... | ......... | 4,347.20 |
| 4 | 60,000.00 | 25,080.00 | 41,382.00 |
| 5 | 3,700.00 | 1,546.60 | 3,302.20 |
| 6 | ......... | ......... | 3,803.80 |
| | $149,900.00 | $62,658.20 | $104,500.00 |

In our opinion the reduction recommended by the referee was too drastic, and the foregoing valuations are more in accord with the evidence. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.